UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-0889 FMO (JEMx) | Date | **July 28, 2020** |
|---|---|---|---|
| Title | **Sonia Orellana v. Gate Gourmet, Inc., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order Denying Motion to Remand

On December 2, 2019, Sonia Orellana ("plaintiff" or "Orellana") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Gate Gourmet, Inc. and gategroup U.S. Holding, Inc. ("defendants")[1], asserting several state law employment-related claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-3; Dkt. 1-1, Complaint at ¶¶ 36-98). Defendants removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, (see Dkt. 1, NOR at ¶ 8), and plaintiff now moves to remand. (See Dkt. 13, Motion for Order Remanding Action to State Court ("Motion")).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[2] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the

---

[1] Gate Gourmet, Inc. was also erroneously sued as "Gate Gourmet[,]" and gategroup U.S. Holding, Inc. was erroneously sued as "Gate Group[.]" (See Dkt. 1, NOR at ¶ 3).

[2] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 547 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-0889 FMO (JEMx) | Date | July 28, 2020 |
| Title | Sonia Orellana v. Gate Gourmet, Inc., et al. | | |

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

Plaintiff contends that defendants failed to establish that the amount-in-controversy requirement is satisfied. (See Dkt. 13, Motion at 6-18). The Ninth Circuit has held that "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018). Defendants allege that plaintiff's lost wages, which consist of past and future wages, amount to approximately $84,000. (See Dkt. 1, NOR at ¶¶ 20-22). Although plaintiff challenges this amount as it relates to her post-removal lost wages, (see Dkt. 13, Motion at 2, 8-10), plaintiff seeks such wages in the complaint that was operative at the time of removal. (See Dkt. 1-1, Complaint at ¶ 33). Hence, such post-removal lost wages may be considered in the amount in controversy. See Chavez, 888 F.3d at 417 ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-0889 FMO (JEMx) | Date | July 28, 2020 |
| Title | Sonia Orellana v. Gate Gourmet, Inc., et al. | | |

them.").[3]  Accordingly, the court finds that defendants have shown that the amount in controversy exceeds the jurisdictional minimum necessary to establish diversity jurisdiction.[4]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Motion for Order Remanding Action **(Document No. 13)** is **denied**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |

---

[3]  Moreover, rather than base their calculations on "unsupported and inappropriate assumptions[,]" (see Dkt. 13, Motion at 7), defendants based the amount in controversy on plaintiff's hourly wage and number of hours worked at the time of her termination.  (See Dkt. 1, NOR at ¶¶ 21-22).

[4]  Given this determination, the court does not consider plaintiff's remaining arguments.